UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VICTOR ACEVEDO,                                                                    23-cv-06056

                Plaintiff,                                                             **COMPLAINT**

   -against-

AMERICAN PACIFIC MORTGAGE CORPORATION,

                Defendant.
-------------------------------------------------------------X

      Plaintiff, VICTOR ACEVEDO ("Plaintiff"), as and for his Complaint against Defendant, AMERICAN PACIFIC MORTGAGE CORPORATION ("Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

      1.      Upon information and belief, Defendant owns and operates a residential mortgage bank.

      2.      Plaintiff worked for Defendant as a residential mortgage loan originator.

      3.      Plaintiff brings this lawsuit seeking to recover unpaid overtime and other relief related to his employment with Defendant.

## JURISDICTION AND VENUE

      4.      Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

      5.      Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**Plaintiff Victor Acevedo**

8. Plaintiff is a resident of the State of New York.

9. Defendant employed Plaintiff as a residential mortgage loan originator for its benefit and at its direction.

10. Defendant employed Plaintiff from in or about May 2022 until in or about September 2022.

11. At all relevant times, Plaintiff was an employee of Defendant, as defined by the FLSA and the NYLL.

**Defendant American Pacific Mortgage Corporation**

12. Upon information and belief, Defendant is a foreign business corporation authorized to do business in the State of New York.

13. Upon information and belief, Defendant is licensed to originate loans in the State of New York and elsewhere.

14. Upon information and belief, Defendant maintains a principal place of business at 3000 Lava Ridge Court, Suite 200, Roseville, California 95661.

15. At all times relevant to this Complaint, Defendant had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

16. At all times relevant to this Complaint, Defendant had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

17. At all times relevant to this Complaint, Defendant had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

18. At all times relevant to this Complaint, Defendant was a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, employed Plaintiff.

19. During Plaintiff's employment, Defendant maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

**Factual Allegations Pertaining Specifically to Plaintiff's Wage Claims**

20. Plaintiff was an employee of Defendant.

21. Plaintiff worked as a residential mortgage loan originator.

22. Plaintiff's primary duties were to originate residential mortgage loans for Defendant.

23. Plaintiff performed his primary duties for Defendant at his home office and at a branch office located at 35 West Main Street, Smithtown, New York 11787.

24. Plaintiff's primary duties included communicating with clients and potential borrowers outside of the State of New York via email and telephone.

25. Defendant did not require Plaintiff to punch in or out of his daily shifts and did not require him to track his hours worked in any other way.

26. Upon information and belief, Defendant did not keep and maintain accurate records reflecting the actual time that Plaintiff worked each day and each week.

27. Plaintiff generally worked seven (7) days per week as follows: Monday through Friday from about 8:30 a.m. until about 10:30 a.m. at his home office, from about 11:00 a.m. until about 4:00 p.m. at Defendants' office, and from about 4:30 p.m. to about 11:00 p.m. at his home office; and Saturday and Sunday from about 10:00 a.m. until about 7:00 p.m. at his home office.

28. Plaintiff typically worked an estimated eighty-five and a half (85.5) hours a week.

29. Defendant paid Plaintiff an hourly rate of pay plus commission.

30. Plaintiff earned commissions when a loan that he originated closed and funded.

31. Defendant did not pay Plaintiff an overtime premium for any of the hours he worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

32. Defendant did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

33. Defendant did not pay Plaintiff overtime compensation reflective of the commissions he earned.

34. Defendant did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

35. Defendant did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

36. Defendant was aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

37. Defendant's failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

38. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid overtime compensation, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

39. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

40. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

41. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or engaged in the production of goods for commerce.

42. At all times relevant to this Complaint, Defendant had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

43. Upon information and belief, the gross annual volume of sales made or business done by Defendant in each applicable year was not less than $500,000.00.

44. Plaintiff was individually engaged in interstate commerce by using email and telephone to communicate with clients and potential borrowers outside of the State of New York.

45. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

46.  Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

47.  By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

48.  Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

49.  However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

50.  Defendant acted willfully and either knew that its conduct violated the FLSA or showed a reckless disregard for the matter of whether its conduct violated the FLSA.

51.  Defendant did not act in good faith with respect to the conduct alleged herein.

52.  As a result of Defendant's violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY OVERTIME

53.  Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

54.  At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§2 and 651.

55. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

56. By the above-alleged conduct, Defendant has failed to pay Plaintiff overtime compensation as required by the NYLL.

57. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

58. Defendant has acted willfully and either knew that its conduct violated the NYLL or showed a reckless disregard for whether its conduct violated the NYLL.

59. Defendant has not acted in good faith with respect to the conduct alleged herein.

60. As a result of Defendant's violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

61. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

62. Defendant willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

63. Through its knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

64. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

65. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

66. Defendant willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

67. Through its knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

68. As a result of Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendant and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendant committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and wage statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendant's NYLL Section 195 violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
August 10, 2023

THE NHG LAW GROUP, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*

                  4242 Merrick Road
                  Massapequa, New York 11758
                  Tel: 516.228.5100
                  keith@nhglaw.com